**HOLLAND & KNIGHT LLP**
Ashley L. Shively, SBN 264912
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415.743.6900
Fax: 415.743.6910
E-mail: ashley.shively@hklaw.com

**HOLLAND & KNIGHT LLP**
Wendy Qiu, SBN 324291
400 S Hope St, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: wendy.qiu@hklaw.com

**HOLLAND & KNIGHT LLP**
Caitlin F. Saladrigas, (*Admitted Pro Hac Vice*)
777 South Flagler Drive, Suite 1900, West Tower
West Palm Beach, Florida 33401
Telephone: +1.561.833.2000
E-mail: caitlin.saladrigas@hklaw.com

Attorneys for Defendant
ID5 TECHNOLOGY, INC.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PAUL BABBINI and MONICA RODRIGUEZ, individually and on behalf of all others similarly situated

Plaintiff,

vs.

ID5 TECHNOLOGY, INC.,

Defendant.

Case No.: 4:26-cv-01428-JST

**DEFENDANT'S ID5 TECHNOLOGY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS PAUL BABBINI AND MONICA RODRIGUEZ'S COMPLAINT**

Complaint Filed: February 18, 2026
Trial Date:

///

///

///

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Defendant ID5 Technology, Inc. ("Defendant" or "ID5"), by and through its undersigned counsel, answers the Class Action Complaint ("Complaint") filed by Plaintiffs Paul Babbini and Monica Rodriguez (collectively, "Plaintiffs") as follows. All allegations not expressly admitted are denied.

## NATURE OF THE ACTION[1]

1. ID5 denies that it "surveils" internet users' activities. Defendant ID5 is a subsidiary of ID5 Technology SAS ("ID5 SAS") and the employer of U.S. based employees. ID5 SAS was founded in Europe specifically to honor the complexities of the General Data Protection Regulation's obligations regarding user privacy choices and website owner preferences at every stage of the advertising value chain. In short, the ID5 Entities' technology provides a more privacy-protective offering within the digital advertising industry. ID5 SAS's subsidiary and Defendant ID5's sister company, ID5 Technology Ltd ("ID5 Ltd."),[2] is the operating arm of the ID5 Entities and collects limited information received from its publisher customers' ("Publisher(s)") websites, apps, or other digital properties consistent with ID5 Ltd.'s contractual terms and Publishers' corresponding terms of use, privacy policies or other consumer-facing disclosures.[3] Publishers determine and apply any legally appropriate consent mechanisms for the collection and sharing of information with ID5 Ltd. as required under the ID5 Ltd. standard contracts. Further, the ID5 Entities' technology was created under privacy-by-design principles: when ID5 Ltd. returns its proprietary identifier to a Publisher, it is returned in the ordinary course only in encrypted format. This encryption prevents readability and usage of these proprietary identifiers by Publishers and third parties unless that party holds a commercial license to access ID5 Ltd.'s decryption keys. ID5 Ltd.'s Publisher and commercial contracts also require Publishers and ID5 Ltd. Commercial clients to comply with applicable privacy laws, including any opt-out requirements under California law. As such, information received by ID5

---

[1] ID5 repeats Plaintiffs' headers in the Complaint for organizational purposes only.

[2] Collectively, Defendant ID5, ID5 SAS, and ID5 Ltd. are collectively referred to herein as the ID5 Entities. The ID5 Entities hold the ID5 technology and process data for which ID5 Ltd. is a controller, as stated in ID5's published privacy policy *available at* https://id5.io/trust/platform-privacy-policy (last visited May 22, 2026).

[3] *See* Read First: Privacy Policy Requirements (dated Feb. 1, 2026), *available at* https://wiki.id5.io/docs/privacy-policy-requirements (last accessed May 17, 2026) ("ID5 [Ltd.] requires all partners and their downstream parties (collectively, 'Platforms') maintain privacy notices that accurately describe the scope and technical reality of the data flows").

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Ltd. is strictly limited in the spirit of data minimization, and may include a closed universe of pseudonymous, machine-generated device information, network signals, mobile advertising identifiers and hashed emails. Critically, if a consumer elects to opt-out of data sharing under California law or otherwise, signals received by ID5 Ltd. from the Publishers reflect the consumer's election. The ID5 Entities honor that election through technical design and do not collect data where the ID5 Entities' algorithms associate that data with an opt-out signal. Plaintiffs' assertion that consent is required is a legal conclusion to which no response is required. ID5 denies that it records any Internet users' "specific web activity." Rather, ID5 Ltd. receives limited pseudonymous, machine-generated, signal-level data from Publishers ("Pseudonymous Signals") to create pseudonymized, encrypted, limited-lifespan user IDs ("ID5 IDs"). ID5 Ltd. does not connect Pseudonymous Signals to users. In fact, none of the ID5 Entities ever collect, process, or share any directly identifiable data such as name, plain text email address, physical address, or other data required to actually identify an individual person. ID5 Ltd. does not retain the underlying Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing the ID5 Entities' technology from other identity resolution and advertising technology providers.

2. ID5 denies the allegations in this paragraph. ID5 Ltd. collects limited information received from its Publishers' websites, apps, or digital properties consistent with ID5 Ltd.'s contractual terms and Publishers' corresponding terms of use, privacy policies or other consumer-facing disclosures. Such information may include device information, network signals, mobile advertising identifiers and hashed emails. ID5 specifically denies that any information is unlawfully collected. Plaintiffs' contention that consent is required is a legal conclusion to which no response is required. In any event, ID5 Entities operates globally and Publishers determine and apply any legally appropriate consent mechanism for the collection and sharing of information with ID5 Entities depending on the applicable laws of the jurisdiction. ID5 also denies the estimated value of the information to ID5 Ltd. as grossly overstated; in contrast to many advertising technology providers, ID5 Ltd. exclusively provides pseudonymous identity services – a much smaller market.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

3. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. To the extent a response is required, ID5 denies that Plaintiffs or any putative class member is entitled to any relief whether at law or equity or that Plaintiffs have stated a claim upon which relief may be granted.

## THE PARTIES

4. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

5. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

6. ID5 admits it is a Delaware corporation with its principal place of business in New York. ID5 denies the remaining allegations in this paragraph, including the characterization that it "owns and operates the tracking technology at issue in this action."

## JURISDICTION AND VENUE

7. ID5 admits only that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d). ID5 denies that Plaintiffs or any putative class member is entitled to any relief whether at law or equity or that Plaintiffs have stated a claim upon which relief may be granted.

8. ID5 denies the allegations in this paragraph but does not object to this Court's exercise of personal jurisdiction.

9. ID5 denies the allegations in this paragraph but does not object to venue.

## FACTUAL ALLEGATIONS

### I. DATA BROKERS AND REAL-TIME BIDDING: THE INFORMATION ECONOMY

10. ID5 denies the allegations in this paragraph, including that any "privacy violations" occurred.

11. ID5 Ltd. collects limited information received from its Publisher' websites, apps, or other digital properties consistent with ID5 Ltd.'s contractual terms and Publishers' corresponding terms of use, privacy policies or other consumer-facing disclosures. Such information may include device information, network signals, mobile advertising identifiers and hashed emails. Publishers determine and apply any legally appropriate consent mechanism for the collection and sharing of

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

information with ID5 Entities. ID5 denies that it records any Internet users' "specific web activity." Rather, ID5 Ltd. receives limited signal-level data from its Publishers to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers. ID5 admits it is registered as a data broker in California but denies that the definition of "data broker" as used in the Complaint applies to ID5. ID5 specifically denies that it creates profiles of individual users' Internet or web browsing activity but admits that it shares identity resolution graphs to its advertising partners ("Platforms"). ID5 responds that the source contained in footnote 1 speaks for itself, and on that basis ID5 denies the allegations.

**A. Data Brokers**

12. ID5 responds that the California Civil Code speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 2 speaks for itself. ID5 is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis ID5 denies the allegations.

13. ID5 responds that the California Civil Code speaks for itself, and on that basis ID5 denies the allegations.

14. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 denies the remaining allegations in this paragraph, including the characterization that "identity graph providers" are merely "data brokers" by another name. ID5 responds that the source contained in footnote 3 speaks for itself.

15. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in this paragraph and footnotes 4 and 5 speak for themselves, and on that basis ID5 denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

16. ID5 denies that the definition of "data broker" as used in the Complaint applies to ID5. ID5 denies that it "hoover[s] up as much information as possible" and denies that it infers "what consumers may be expected to do." ID5 denies that website activity shared with it by Publishers is used to create comprehensive user profiles. To the contrary, ID5 SAS was designed specifically to respect data minimization principles under the European Union's General Data Protection Regulation, and ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allows ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers. ID5 responds that the sources contained in footnotes 6-8 speak for themselves, and on that basis ID5 denies the allegations.

17. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in this paragraph and footnotes 9 and 10 speak for themselves, and on that basis ID5 denies the allegations.

18. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 11 speaks for itself, and on that basis ID5 denies the allegations.

19. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 12 speaks for itself, and on that basis ID5 denies the allegations.

20. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 13 speaks for itself, and on that basis ID5 denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

21. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 14 speaks for itself, and on that basis ID5 denies the allegations.

22. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 15 speaks for itself, and on that basis ID5 denies the allegations.

23. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations.

24. ID5 denies that the definition of "data broker" as used in the Complaint applies to ID5. ID5 further denies that it "tracks users across the Internet." ID5 Ltd. provides open-source JavaScript API software (the "ID5 OSS") licensed to publishers and actively deployed by Publishers or their vendors. ID5 Entities do not maintain browsing histories or behavioral records. ID5 responds that the sources contained in footnotes 16 and 17 speak for themselves, and on that basis ID5 denies the allegations.

25. ID5 denies that the definition of "data broker" as used in the Complaint applies to ID5. ID5 denies the remaining allegations in this paragraph. ID5 further responds that the source contained in footnote 18 speaks for itself, and on that basis ID5 denies the allegations.

26. ID5 responds that the judicial decisions and sources cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations. ID5 is otherwise without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis ID5 denies the allegations.

27. ID5 denies that the definition of "data broker" as used in the Complaint applies to ID5. ID5 denies that it collects individually identifiable user Internet activity and further denies that it creates or holds comprehensive user profiles. To the contrary, ID5 Ltd. receives limited signal-level

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 does not sell user profiles.

### B. Real Time Bidding

28. ID5 denies that it creates or holds comprehensive user profiles. To the contrary, ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 denies that it sells comprehensive user profiles in real-time bidding.

29. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 19 speaks for itself, and on that basis ID5 denies the allegations.

30. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in this paragraph and footnotes 20 and 21 speak for themselves, and on that basis ID5 denies the allegations.

31. ID5 denies the allegations in this Paragraph. ID5 is neither a Supply Side Platform ("SSP") nor an Advertising Exchange. Although ID5 is a registered California data broker, ID5 denies that it operates in the fashion alleged in the Complaint. The defendant in this case is an employer of U.S. personnel. That is all.

32. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 22 speaks for itself, and on that basis ID5 denies the allegations.

33. ID5 denies that it is a Data Management Platform. ID5 denies that it sells comprehensive user profiles in real-time bidding. ID5 responds that the source contained in footnotes 23 speaks for itself, and on that basis ID5 denies the allegations.

34. ID5 is neither a SSP nor a Demand Side Platform ("DSP"). In as much as Plaintiffs allege that ID5 is a "data broker", ID5 denies that it matches consumers' IP addresses, plain text email

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

address, or device information to profiles. ID5 denies that it creates or holds comprehensive user profiles.

35. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 is neither a SSP, nor a DSP, nor an Advertising Exchange.

36. ID5 admits that ID5 Ltd. receives information from SSPs or DSPs but ID5 denies that ID5 Ltd. creates or holds comprehensive user profiles.

37. To the extent this paragraph attributes specific conduct to ID5, ID5 denies the allegations. ID5 is otherwise without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph concerning the "potential concerns" of the FTC or general practices of the RTB ecosystem, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 24 speaks for itself.

38. ID5 denies the allegations in this paragraph. ID5 denies that it creates or holds comprehensive user profiles. ID5 denies that it sells comprehensive user profiles in real-time bidding. ID5 denies that any data it does provide (i.e., pseudonymized ID5 IDs) amounts to "sensitive data". ID5 denies the allegation consumers cannot control their personal information online. Consumers in California and many other states may affect delete requests directly to website owners, who are obligated by contract and often state law, to pass such requests to ID5. Consumers may also make a delete request directly to ID5 or through the California Privacy Protection Agency's Delete Request and Opt-out Platform.[4]

39. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 25 speaks for itself, and on that basis ID5 denies the allegations.

40. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis

[4] *Available at* https://privacy.ca.gov/drop/ (last visited May 14, 2025).

ID5 denies the allegations. ID5 responds that the source contained in footnote 26 speaks for itself, and on that basis ID5 denies the allegations.

41. ID5 responds that the judicial decisions and sources cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations. ID5 responds that this paragraph otherwise contains legal conclusions to which no response is required, and on that basis ID5 denies the allegations.

**C. Cookie Synching**

42. ID5 denies the allegations in this paragraph. ID5 does not create or sell "highly detailed" or "complete user profiles." ID5 further denies that it sells comprehensive user profiles in real-time bidding.

43. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in footnotes 27 and 28 speak for themselves, and on that basis ID5 denies the allegations.

44. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 29 speaks for itself, and on that basis ID5 denies the allegations.

45. ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 denies that it creates or sells comprehensive user profiles in real-time bidding. ID5 responds that the source contained in footnote 30 speaks for itself, and on that basis ID5 denies the allegations.

46. In as much as this paragraph suggests ID5 "respawns" cookies, ID5 denies the allegation. This paragraph otherwise does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in footnotes 31-33 speak for themselves, and on that basis ID5 denies the allegations.

47. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

denies the allegations. ID5 responds that the source contained in footnote 34 speaks for itself, and on that basis ID5 denies the allegations.

48. ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to Publishers and actively deployed by Publishers or their vendors.

49. Admitted that ID5 is a registered data broker in California but denies Plaintiffs' characterization of data brokers in the Complaint. ID5 denies that it creates or sells comprehensive user profiles in real-time bidding. ID5 responds that the source contained in footnote 35 speaks for itself, and on that basis ID5 denies the allegations.

50. ID5 denies that it creates or sells comprehensive user profiles in real-time bidding. ID5 Ltd. receives limited signal-level data from Publishers to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors. ID5 Entities do not maintain browsing histories or behavioral records. ID5 denies the allegations in this paragraph, including all subparts and allegations in footnote 36. ID5 denies it de-anonymizes users. ID5 denies that it creates or sells comprehensive user profiles in real-time bidding. ID5 denies that it "collects as much information as possible" about website users. Plaintiffs' assertion that consent is required is a legal conclusion to which no response is required. In any event, Publishers determine and apply any legally appropriate consent mechanism for the collection and sharing of information with ID5 Entities.

51. ID5 denies the allegations in this paragraph.

52. ID5 denies the allegations in this paragraph.

## II. AN OVERVIEW OF DEFENDANT'S SERVICES

### A. ID5 Technology

53. Admitted that ID5 SAS was founded by Mathieu Roche and Pierre-Antoine Durgeant. Admitted that ID5 is a registered data broker in California but denies Plaintiffs' characterization of

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

data brokers in the Complaint. ID5 responds that the sources contained in footnotes 37 and 38 speak for themselves, and on that basis ID5 denies the allegations.

54. ID5 states that certain language quoted in this paragraph is available on ID5's website and speaks for itself but denies that it supports any claim asserted in the Complaint. ID5 responds that the source contained in footnote 39 speaks for itself, and on that basis ID5 denies the allegations.

55. ID5 states that certain language quoted in this paragraph is available on ID5's website and speaks for itself but denies that it supports any claim asserted in the Complaint. Plaintiffs take the quote out of context and attribute to website owner/Publisher activity to ID5 activity. ID5 responds that the source contained in footnote 40 speaks for itself, and on that basis ID5 denies the allegations.

56. ID5 denies the allegations in this paragraph. ID5 neither collects nor processes data required to target users who are interested in a particular product or service, and ID5 does not sell, buy, select, or place advertisements.

57. ID5 denies the allegation that its business relies on collecting data that its Platforms want to use to learn about individual consumers or linking to any individual consumers. ID5 Ltd. processes Pseudonymous Signals that do not contain any behavioral or personally identifiable information like clear-text emails, names, interests, or browsing habits.

58. ID5 denies the allegations in this paragraph. ID5 does not create or sell "comprehensive user profiles." ID5 Ltd. exclusively holds Pseudonymous Signals, not behavioral data; ID5 does not "track users across the Internet." ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors. ID5 Entities do not maintain browsing histories or behavioral records.

59. ID5 admits that it creates the ID5 Graph but denies that the ID5 Graph is a behavior-profile graph. ID5 states that certain language quoted in this Paragraph is available on ID5's website and speaks for itself, and on this basis, ID5 denies the allegations. ID5 responds that the sources contained in footnotes 41-44 speak for themselves, and on that basis ID5 denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

60. ID5 admits the ID5 Graph covers 1.5 billion ID5 IDs, not named individuals, and that the figures contained in this paragraph reflect ID5 Entities' global footprint. ID5 responds that the source contained in footnote 45 speaks for itself, and on that basis ID5 denies the allegations. ID5 Ltd. processes URLs exclusively for the purposes of fraud detection and security.

61. ID5 states that certain language quoted in this paragraph is available on ID5's website and speaks for itself. ID5 denies that it creates "individual profiles" and further denies that it "package[s] up audiences." ID5 responds that the sources contained in footnotes 46-49 speak for themselves, and on that basis ID5 denies the allegations.

62. ID5 states that certain language quoted in this paragraph is available on ID5's website and speaks for itself but denies that it supports any claim asserted in the Complaint. ID5 responds that the source contained in footnote 50 speaks for itself, and on that basis ID5 denies the allegations.

**B. TrueData**

63. ID5 admits the allegations in this paragraph but states that ID5 SAS, based in France, acquired TrueData in or around November 1, 2025, after the occurrence of any dated allegations in the Complaint. ID5 responds that the sources contained in footnotes 51-52 speak for themselves, and on that basis ID5 denies the allegations.

64. ID5 admits the quoted language in this paragraph describes certain features of TrueData's operations. ID5 denies that TrueData is involved in the "surveillance of the American people." ID5 further denies that TrueData holds data for, or could identify, 70% of the American population. ID5 responds that the sources contained in footnotes 53-55 speak for themselves, and on that basis ID5 denies the allegations.

**C. ID5's Online Tracking Technology**

65. ID5 denies the allegations in this paragraph. "id.me" is a separate identity-verification company; ID5 does not supply data to it and is not affiliated, nor does ID5 work with, id.me.

66. ID5 denies the allegations in this paragraph. The statistic in this paragraph refers to the presence of code, not the collection of information, information transmission, or ID provision. Webpages may contain the presence of code but when tracking is blocked, will not allow for the collection of signal or other information. ID5 Ltd. collects information only when it does not receive

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

signals from Publishers indicating an end user has opted out. ID5 responds that the source contained in footnote 56 speaks for itself, and on that basis ID5 denies the allegations.

67. ID5 states that certain language quoted in this paragraph is available on ID5's website and speaks for itself but denies that it supports any claim asserted in the Complaint. ID5 responds that the sources contained in footnotes 57-58 speak for themselves, and on that basis ID5 denies the allegations.

68. ID5 admits that integration with its Platforms exists but otherwise denies the allegations in this Paragraph. ID5 Ltd. processes URLs exclusively for the purposes of fraud detection and security.

69. ID5 denies that it collects information "automatically." Publishers determine and apply any legally appropriate consent mechanism for the collection and sharing of information with ID5 Entities. ID5 Ltd. collects information only when it receives signals from Publishers confirming ID5's authorization to do so. ID5 admits that ID5 Ltd. may receive limited technical signals necessary for generating the pseudonymous IDs but denies that ID5 Ltd. collects "button click events." ID5 Ltd. receives the full URL, but exclusively processes full URLs for purposes of fraud, troubleshooting, and security. ID5 denies that it collects individually identifiable user Internet activity and further denies that it holds or sells comprehensive user profiles. To the contrary, ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 responds that the source contained in footnote 59 speaks for itself, and on that basis ID5 denies the allegations. ID5 Ltd. processes URLs exclusively for the purposes of fraud detection and security.

70. ID5 denies the allegations in this paragraph.

**D. Persistent Identifiers**

71. ID5 denies the allegations in this Paragraph. ID5 denies that it collects individually identifiable user Internet activity and further denies that it holds comprehensive user profiles. To the contrary, ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 does not sell user profiles. ID5 Ltd. similarly deploys enhanced data minimization and does not retain

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Pseudonymous Signals linked to any pseudonymous identifier for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers. ID5 Ltd. honors consumer choice both upstream and downstream.

*1. Cookies*

72. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 60 speaks for itself, and on that basis ID5 denies the allegations.

73. ID5 admits that it uses "cookies," but denies that such "cookies" "link to the individual" — the cookies link is to ID5's pseudonymous identifier. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals linked to any pseudonymous identifier for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers. ID5 responds that the source contained in footnote 61 speaks for itself, and on that basis ID5 denies the allegations.

74. ID5 admits that cookie recognition across websites can occur when cookies are not blocked but ID5 denies that it creates profiles of any individual user's beliefs, interests or habits. ID5 Ltd. receives limited signal-level data, including cookies, to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals linked to any pseudonymous identifier for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

75. ID5 denies the allegations in this paragraph. ID5 denies that it collects individually identifiable user Internet activity and further denies that it holds comprehensive user profiles. To the contrary, ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 does not sell user profiles.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

*2. IP Addresses*

76. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies the characterization of IP addresses as "persistent." Network IP addresses are not static.

77. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 62 speaks for itself, and on that basis ID5 denies the allegations.

78. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies the characterization of IP addresses as similar to a telephone number. Every device connected to a network broadcasts the same network IP addresses to the Internet, and network IP addresses are not static.

79. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies the characterization that "IP addresses are not freely accessible." Every device connected to a network broadcasts the same network IP addresses to the Internet. Plaintiffs' reference in paragraph 80 to "public IP address[es]," acknowledges as much. Furthermore, network IP addresses are not static.

80. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in footnotes 63-64 speak for themselves, and on that basis ID5 denies the allegations.

81. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in footnotes 65-68 speak for

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

themselves, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion that IP address can be used to reliably identify unique natural persons.[5]

82. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion that it serves advertisements on consumers, using "geomarketing" or otherwise. ID5 responds that the sources contained in footnotes 69-70 speak for themselves, and on that basis ID5 denies the allegations.

83. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion that IP address can be used to reliably identify unique natural persons.[6] ID5 responds that the source contained in footnote 71 speaks for itself, and on that basis ID5 denies the allegations.

84. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion that IP address can be used to reliably identify unique natural persons.[7] ID5 responds that the source contained in footnote 72 speaks for itself, and on that basis ID5 denies the allegations.

85. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in footnotes 73-74 speak for themselves, and on that basis ID5 denies the allegations.

86. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5

---

[5] The Challenges of Using IP Address for Audience Identification and Measurement (Nov. 5, 2025) *available* at https://goaddressable.com/report/challenges-using-ip-address-for-audience-identification-measurement/ (last visited May 17, 2026)

[6] The Challenges of Using IP Address for Audience Identification and Measurement (Nov. 5, 2025) *available* at https://goaddressable.com/report/challenges-using-ip-address-for-audience-identification-measurement/ (last visited May 17, 2026)

[7] The Challenges of Using IP Address for Audience Identification and Measurement (Nov. 5, 2025) *available* at https://goaddressable.com/report/challenges-using-ip-address-for-audience-identification-measurement/ (last visited May 17, 2026)

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

denies the allegations. ID5 responds that the sources contained in footnotes 75-76 speak for themselves, and on that basis ID5 denies the allegations.

87. ID5 denies the allegations in this paragraph. ID5 Ltd. does not use IP address to identify an individual user's home or append any address to its ID5 IDs. ID5 responds that the source contained in footnote 77 speaks for itself, and on that basis ID5 denies the allegations.

88. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 78 speaks for itself, and on that basis ID5 denies the allegations.

89. ID5 admits it may receive IP addresses depending on the data parameters Publishers or their vendors have configured ID5 Ltd. to receive, and users' device settings and website/app permissions. ID5 otherwise denies the allegations in this Paragraph. ID5 does not compile "vast reams" of "other personal information," nor does it create or sell comprehensive user profiles. To the contrary, ID5 Ltd. only holds limited pseudonymous machine-generated signals, and no directly identifiable information such as plain text email address, name, or address, and no behavioral data, such as interests, political affiliation, or browsing history. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

90. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 79 speaks for itself, and on that basis ID5 denies the allegations.

91. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 80 speaks for itself, and on that basis ID5 denies the allegations. ID5 Ltd. processes URLs exclusively for the purposes of fraud detection and security.

*3. Universal Resource Locator*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

92. ID5 denies the allegations in this paragraph. Universal Resource Locator ("URL") is limited signal level information that a Publisher may, but does not necessarily, provide to ID5 Ltd. in certain circumstances and for the limited purpose of fraud prevention, security, troubleshooting, and error detection.[8] ID5 denies that it stores per-user URL histories.

93. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations.

94. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations.

95. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations.

96. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies the suggestion that every URL is correlated to unique content on a webpage. For example, https://www.buzzfeed.com/in-the-news and https://www.buzzfeed.com/meganeliscomb/sat-scramble-may-7-2026 do not communicate anything about the actual content on those webpages.

97. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies the suggestion that every URL is correlated to unique content on a webpage. ID5 Ltd. processes URLs exclusively for the purposes of fraud detection and security.

[8] Read First: Privacy Policy Requirements | ID5 Knowledge Base, *available* at https://wiki.id5.io/docs/privacy-policy-requirements (Requiring website owners to "[d]isclose that Page URLs (Uniform Resource Locators) and Timestamps are collected by ID5 specifically for "Security," "Fraud Prevention," and "Error Detection" purposes." )

98. ID5 admits ID5 Ltd. may receive URLs depending on the data parameters website owners/ app developers have configured ID5 Ltd. to receive, and users' device settings and website/app permissions. ID5 Ltd. uses URLs for the limited purpose of fraud prevention, troubleshooting, security, and error detection.[9] ID5 otherwise denies the allegations in this paragraph. ID5 Ltd. does not have per-user URL histories nor "profiles on any particular user."

*4. Mobile Advertising Identifiers*

99. ID5 denies the allegations in this paragraph.

100. ID5 admits that ID5 Ltd. offers APIs, but denies that such APIs allow for "tracking" as alleged in the Complaint. ID5 denies the characterization of ID5 Ltd.'s technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors; it is not tracking software. ID5 Entities do not maintain browsing histories or behavioral records. In a mobile application, ID5 Ltd. 's API's operate exclusively on a sever-to-server level, meaning data is sent by Publishers' servers directly to ID5 Ltd.'s servers.

101. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in footnotes 81-83 speak for themselves, and on that basis ID5 denies the allegations.

102. ID5 admits that certain language quoted in this paragraph is available on ID5's website but has been taken out of context by Plaintiffs, and shortened to remove critical context. The source contained in footnote 84 speaks for itself, and on that basis ID5 denies the allegations.

103. ID5 denies the allegations in this paragraph. ID5 Ltd.'s mobile API integrates with its Publishers' mobile apps, and subject to consumers' device settings and app permissions, returns an encrypted, pseudonymous ID5 ID from the Publisher's signals. ID5 responds that the source contained in footnote 85 speaks for itself, and on that basis ID5 denies the allegations.

---

[9] Read First: Privacy Policy Requirements | ID5 Knowledge Base, *available* at https://wiki.id5.io/docs/privacy-policy-requirements (Requiring website owners to "[d]isclose that Page URLs (Uniform Resource Locators) and Timestamps are collected by ID5 specifically for "Security," "Fraud Prevention," and "Error Detection" purposes.")



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

104. ID5 admits that mobile advertising identifiers are user-resettable identifiers assigned by a device's operating system. ID5 admits ID5 Ltd. may receive mobile advertising identifiers depending on the data parameters website owners/app developers have configured ID5 Ltd. to receive, and users' device settings and website/app permissions. ID5 otherwise denies the allegations in this Paragraph. Specifically, ID5 denies that mobile advertising identifiers are "designed to track the app activity." Rather, advertising identifiers are used to corollate individual devices across different mobile applications; they do not "track any activity." ID5 responds that the source contained in footnote 86 speaks for itself, and on that basis ID5 denies the allegations.

105. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 87 speaks for itself, and on that basis ID5 denies the allegations.

106. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies that mobile advertising IDs are "technically resettable". They are resettable, full stop. Apple and Android users can also choose to stop sharing their mobile advertising ID wholesale, or on an app-by-app basis.

107. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. Mobile advertising identifiers do not track user activity as alleged. Rather, mobile advertising identifiers can be used by parties who have otherwise obtained access to certain data, to tie it to the same advertising identifier. ID5 responds that the sources contained in footnotes 88-89 speak for themselves, and on that basis ID5 denies the allegations.

108. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations.

109. ID5 admits that mobile advertising identifiers are user-resettable identifiers assigned by a device's operating system. This paragraph otherwise does not contain a factual allegation

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 90 speaks for itself, and on that basis ID5 denies the allegations. ID5 specifically denies the suggestion that an Apple IDFAs is the "equivalent of a web cookie."

110. ID5 denies the allegations in this paragraph. Apple requires app developers to affirmatively ask consumers for permission through App Tracking Transparency ("ATT") before accessing mobile advertising IDs that may be shared with third parties.[10] ID5 does not track or otherwise process any app activity nor does ID5 generate the "inferences" alleged in this paragraph. Apple and Android users can also choose to stop sharing their mobile advertising ID wholesale, or on an app-by-app basis.

111. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion it engages in "ID Bridging" as that term is used by Plaintiffs. ID5 responds that the source contained in footnote 91 speaks for itself, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion that it buys, sells or serves advertisements programmatically.

112. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion that it buys, sells or serves advertisements programmatically. ID5 responds that the sources contained in footnotes 92-94 speak for themselves, and on that basis ID5 denies the allegations.

113. This paragraph does not contain a factual allegation involving ID5 as it is neither an advertiser nor an app developer, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 95 speaks for itself, and on that basis ID5 denies the allegations.

---

[10] App Tracking Transparency | Apple Developer Documentation, *available at* https://developer.apple.com/documentation/apptrackingtransparency (last visited May 17, 2026).

114. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion that it combines app user data with “a plethora of other information from various sources.”

115. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 Ltd. engages in “ID Bridging,” but ID5 categorically denies that it holds, processes, or sells any intimate details of users’ lives. ID5 Ltd. does not hold any behavioral data such as interests, political affiliations, or any information beyond pseudonymous machine generated signals.

116. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 96 speaks for itself, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion it engages in “ID Bridging” as that term is used by Plaintiffs.

117. ID5 responds that the judicial decision cited in this paragraph speaks for itself, and on that basis ID5 denies the allegations. Further, this paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 specifically denies any suggestion it engages in “ID Bridging” as that term is used by Plaintiffs.

118. ID5 denies the allegations in this paragraph. ID5 specifically denies any suggestion that its reach is equivalent to, or invasive as, Google. To the contrary, ID5 Entities are a privacy-first solution to provide a pseudonymous alternative to the concentration of ever more information in the hands of Big Tech companies like Google and Facebook. ID5 Ltd. exclusively processes pseudonymous data for pseudonymous identification purposes, holds such data for a maximum retention period of 100 days, and does not create “shadow profiles”. ID5 denies that it holds any data on offline activities. ID5 responds that the source contained in footnote 97 speaks for itself, and on that basis ID5 denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

119. ID5 denies the allegations in this Paragraph.

*5. Other Addressing, Routing, and Signaling Information*

120. ID5 denies the allegations in this paragraph. ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users.

121. ID5 admits ID5 Ltd. may receive hashed email addresses (e.g., f97ea86ed181d60b0ba62a30579f1e10ad71eaf21b548e173de75718065c533f) depending on the data parameters that Publishers have configured ID5 Ltd. to receive, and users' device settings and website/app permissions. ID5 denies any suggestion that ID5 Ltd. receives plain text email addresses (e.g., John.Doe@email.com). ID5 otherwise denies the allegations in this paragraph.

122. ID5 denies any suggestion that ID5 Ltd. receives plain text email addresses (e.g. John.Doe@email.com) or attempts to "match" the hashed email addresses ID5 Ltd. does have (e.g., f97ea86ed181d60b0ba62a30579f1e10ad71eaf21b548e173de75718065c533f) to plain text email addresses. ID5 Ltd. does not, and has not ever, procured any such table, and does not receive plain text emails which would permit ID5 Ltd. to construct such a match. ID5 responds that the sources contained in footnotes 98-100 speak for themselves, and on that basis ID5 denies the allegations.

123. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 responds that the source contained in footnote 101 speaks for itself, and on that basis ID5 denies the allegations.

124. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations. ID5 denies any suggestion that ID5 Ltd. receives plain text email addresses or telephone numbers, and ID5 Ltd. does not attempt to "match" hashed email or phone numbers to plain text email or phone numbers. ID5 Entities are a privacy-first alternative to Google's conduct spotlighted by Plaintiffs in this paragraph. ID5 responds that the sources contained in footnotes 102-103 speak for themselves, and on that basis ID5 denies the allegations.

125. ID5 denies that ID5 Ltd. traces hashed emails to identifiable individual users.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

126. ID5 denies that ID5 Ltd. collects or receives precise location information. Further, ID5 denies that ID5 Ltd. processes data to estimate location except for the sole purpose of determining nation/region for the purposes of privacy law compliance.

127. ID5 denies the allegations in this paragraph including that any "interception" occurred.

**E. Identity Resolution**

128. ID5 denies the allegations in this paragraph. ID5 does not "track individuals" nor does it "sell tracking services." ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors; it is not tracking software. ID5 Entities do not maintain browsing histories or behavioral records.

129. ID5 admits the quoted language in this paragraph appears on its website and describes the ID5 Graph but denies that identity resolution is the same as the "data tracking" alleged in the Complaint.

130. ID5 denies the allegations in this paragraph. ID5 ID do not attach to an "individual," nor is a record of Internet or user activity maintained by ID5 Ltd. . Rather, ID5 ID is attached to sessions which are identified as likely connected to the same device or household. ID5 Ltd. deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

131. ID5 denies the allegations in this paragraph. ID5 does not hold or provide individual identities or web browsing information to any Platforms.

132. ID5 denies the allegations in this paragraph. ID5 does not allow any Platforms to access information associated with ID5 IDs or its full ID5 Graph. The ID5 ID is built to honor user privacy choices and publisher preferences at every stage of the advertising value chain. ID5 Ltd. shares limited information with its Platforms which may include ID5 ID, cookie IDs, and other limited information.

133. ID5 denies the allegations in this paragraph. Syncing of ID5 IDs does not make the "real time bidding process" possible. ID5 further denies that it "identifies the individual." Rather, ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. also deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

134. ID5 denies the allegations in this [ragraph. ID5 Ltd. receives limited signal-level data to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers. ID5 does not share information about individual user activity on the Internet with Publishers or advertising technology platforms.

135. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

## III. DEFENDANT'S TRACKERS ARE PRESENT ON EACH OF THE SUBJECT WEBSITES AND ACROSS THE INTERNET

136. ID5 denies the allegations in this paragraph including any widespread tracking or wiretapping has occurred. ID5 does not collect individual user activity on the Internet. ID5 Ltd. provides ID5 OSS licensed to Publishers and actively deployed by Publishers or their vendors; it is not tracking software. ID5 Entities do not maintain browsing histories or behavioral records.

137. ID5 denies the allegations in this paragraph.

### A. Buzzfeed

138. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations.

139. ID5 denies the allegations in this paragraph. ID5 does not serve, target, or bid on advertisements nor does ID5 collect data about Internet users' browsing or other activity.

140. ID5 denies the allegations in this paragraph. ID5's Publishers are and have always been entitled to determine and apply the legally appropriate consent mechanisms for the collection of

any such information. Further, the existence of tags on any particular webpage is readily accessible to all Internet users.

141. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. cookies load consistent with the data parameters website owners/app developers have configured, and users' device settings and website/app permissions. E.g., https://www.buzzfeed.com/?display-consent.

142. ID5 denies that it "intercepts" full-string URLs in transit between Publishers and consumers or *visa versa*. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. receives information consistent with the data parameters website owners/app developers have configured, and users' device settings and website/app permissions. E.g., https://www.buzzfeed.com/?display-consent. Plaintiffs' assertion that Buzzfeed URLs are "communications" is a legal conclusion to which no response is required. In any event, URLs that "only reveal a general webpage address", like the Buzzfeed examples in Plaintiffs' Complaint, are not "contents" of a communication. *In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106-09 (9th Cir. 2014); *see also Doe II v. MedStar Health, Inc.*, No. 1033,2024, 2026 WL 709810, at *9 (Md. Ct. Spec. App. Mar. 13, 2026) (affirming trial court finding that cookie values, IP addresses, device attributes, user-agents, and URLs are not "contents of a communication" under the ECPA).

143. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. receives information consistent with the data parameters website owners/app developers have configured, and users' device settings and website/app permissions. E.g., https://www.buzzfeed.com/?display-consent.

144. ID5 denies the allegations in this paragraph. ID5 Ltd. receives limited signal-level data from its Publisher to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 does not "share information collected on Buzzfeed users" with Publishers' advertising technology Platforms.

145. ID5 denies that it collects a "vast repository" of user information, nor does it collect de-anonymized users. ID5 operates on strict data minimization principles, and receives limited signal-

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

level data from its Publisher to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

146. Denied.

**B. Healthline**

147. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis denies the allegations.

148. ID5 denies the allegations in this paragraph. ID5's Publishers are and have always been entitled to determine and apply the legally appropriate consent mechanisms for the collection of any such information. Further, the existence of tags on any particular webpage is readily accessible to all Internet users.

149. ID5 denies that "as soon as" an individual reaches the Healthline website, the ID5 Tracker installs tracking cookies on the individual's browser or that any such cookies are tracking cookies. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. cookies load consistent with the data parameters Publishers have configured, and users' device settings and website/app permissions. ID5 is without sufficient information to admit or deny the allegations in this paragraph about Plaintiff Rodriguez, and on that basis ID5 denies the allegations. ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors; it is not tracking software. ID5 Entities do not maintain browsing histories or behavioral records.

150. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. receives information consistent with the data parameters website owners/app developers have configured, and users' device settings and website/app permissions.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

151. ID5 denies that it "intercepts" full-string URLs in transit between Publishers and consumers or *visa versa*. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. receives information consistent with the data parameters website owners/app developers have configured, and users' device settings and website/app permissions. Plaintiffs' assertion that Healthline URLs are "communications" is a legal conclusion to which no response is required. In any event, URLs that "only reveal a general webpage address", like the Healthline examples in Plaintiffs' Complaint, are not "contents" of a communication. *In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106-09 (9th Cir. 2014); *see also Doe II v. MedStar Health, Inc.*, No. 1033,2024, 2026 WL 709810, at *9 (Md. Ct. Spec. App. Mar. 13, 2026) (affirming trial court finding that cookie values, IP addresses, device attributes, user-agents, and URLs are not "contents of a communication" under the ECPA).

152. ID5 denies the allegations in this paragraph. ID5 does not "share information collected on Healthline users," rather ID5 Ltd. receives limited signal-level data from its Publisher to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users.

153. ID5 denies that it collects a "vast repository" of user information, nor does it collect de-anonymized users. ID5 operates on strict data minimization principles, and receives limited signal-level data from its Publisher to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

154. Denied.

**C. Food and Wine**

155. This paragraph does not contain a factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

156. ID5 denies the allegations in this paragraph. ID5's Publishers are and have always been entitled to determine and apply the legally appropriate consent mechanisms for the collection of any such information. Further, the existence of tags on any particular webpage is readily accessible to all Internet users.

157. ID5 denies that "as soon as" an individual reaches the Food and Wine website, the ID5 Tracker installs tracking cookies on the individual's browser or that any such cookies are tracking cookies. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. cookies load consistent with the data parameters website owners/app developers have configured, and users' device settings and website/app permissions. ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors; it is not tracking software. ID5 Entities do not maintain browsing histories or behavioral records.

158. ID5 Ltd. collects information only when it receives signals from website owners/app developers confirming ID5's authorization to do so. Then, ID5 Ltd. receives information consistent with the data parameters website owners/app developers have configured, and users' device settings and website/app permissions.

159. ID5 denies the allegations in this paragraph. ID5 does not share information collected on Food and Wine users, rather ID5 Ltd. receives limited signal-level data from its Publisher to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users.

160. ID5 denies that it collects a "vast repository" of user information, nor does it collect de-anonymized users. ID5 Ltd. receives limited signal-level data from its Publisher to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

161. Denied.

## IV. DEFENDANT'S SERVICES DEANONYMIZE USERS AND ENRICH DEFENDANT AND THE WEBSITE OPERATORS THROUGH REAL-TIME BIDDING AND PROFILING INDIVIDUALS

### A. Defendant Combines The Data From the Subject Websites With Other Data To Deanonymize Users

162. ID5 SAS was founded in Europe specifically to honor the complexities of the General Data Protection Regulation's obligations regarding user privacy choices and website owner preferences at every stage of the advertising value chain. In short, the ID5 Entities' technology provides a more privacy-protective offering within the digital advertising industry. ID5 Ltd. collects limited information received from its Publisher customers' websites, apps, or other digital properties consistent with ID5 Ltd.'s contractual terms and Publishers' corresponding terms of use, privacy policies or other consumer-facing disclosures.[11] Such information may include device information, network signals, mobile advertising identifiers and hashed emails. Plaintiffs' assertion that consent is required is a legal conclusion to which no response is required. In any event, Publishers determine and apply any legally appropriate consent mechanism for the collection and sharing of information with ID5 Entities. ID5 denies that it records any Internet users' "web activity." Rather, ID5 Ltd. receives limited signal-level data from Publishers to create pseudonymized ID5 IDs that allow ID5 Ltd. to connect Pseudonymous Signals together but not individual sessions to users. ID5 Ltd. similarly deploys enhanced data minimization and does not retain Pseudonymous Signals for longer than 100 days. Therefore, ID5 IDs constantly change, providing another layer of privacy protection and distinguishing ID5 from other identity resolution providers.

163. ID5 denies the allegations in this paragraph. ID5 specifically denies that it collects individually identifiable information and further denies that any of its business practices constitute "dragnet surveillance."

---

[11] *See* Read First: Privacy Policy Requirements (dated Feb. 1, 2026), *available at* https://wiki.id5.io/docs/privacy-policy-requirements (last accessed May 17, 2026) ("ID5 requires all partners and their downstream parties (collectively, 'Platforms') maintain privacy notices that accurately describe the scope and technical reality of the data flows").

164. ID5 denies the allegations in this paragraph. Specifically, ID5 does not receive information from its advertising Platforms. ID5 responds that the source contained in footnote 104 speaks for itself, and on that basis ID5 denies the allegations.

165. ID5 denies the allegations in this Paragraph.

**B. The Partner Trackers Use The Profiles Created By Defendant To Enhance Their Advertising And Analytics Service**

166. ID5 denies the allegations in this paragraph. ID5 does not conduct any advertising, hyper-targeted or otherwise.

167. ID5 admits that it operates within the ad tech ecosystem but denies that it delivers "detailed user information to advertisers." To the contrary, ID5 Ltd. shares limited information with its Platforms which may include ID5 IDs, cookie IDs, and other limited information.

168. ID5 denies the allegations in this paragraph. Specifically, ID5 denies that is shares "vast amounts of consumer information." To the contrary, ID5 Ltd. has a maximum data retention period of 100 days, and collects a strictly limited set of pseudonymous, machine-generated signals. ID5 Ltd. shares limited information with its Platforms which may include ID5 IDs, cookie IDs, and other limited information.

169. ID5 denies the allegations in this paragraph.

170. This paragraph does not contain a specific factual allegation involving ID5, therefore ID5 is without sufficient knowledge or information to admit or deny the allegations, and on that basis ID5 denies the allegations.

171. ID5 denies the allegations in this paragraph.

172. ID5 denies the allegations in this paragraph.

173. ID5 denies the allegations in this paragraph. Specifically, ID5 denies that is improperly collects "vast amounts of data." Instead, ID5 Ltd. collects limited information Pseudonymous Signals of its Publisher customers' websites, apps, or other digital properties consistent with ID5 Ltd.'s contractual terms and Publishers' corresponding terms of use, privacy policies or other consumer-

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

facing disclosures.[12] Such information may include device information, network signals, mobile advertising identifiers and hashed emails.

174. ID5 denies the allegations in this paragraph.

## V. PLAINTIFFS' EXPERIENCES

### A. Plaintiff Paul Babbini

175. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

176. ID5 denies the allegations in this paragraph. ID5 is without sufficient knowledge or information to admit or deny what was or was not known to Plaintiff Babbini, and on that basis ID5 denies the allegations.

177. ID5 denies that any cookies installed by ID5 are "tracking cookies." ID5 Ltd. can only deploy a cookie on a Publisher webpage with consent from the Publisher to do so. ID5 is without sufficient knowledge or information to admit or deny what cookies, if any, were installed on Plaintiff Babbini's browser, and on that basis ID5 denies the remaining allegations. ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors; it is not tracking software.

178. ID5 is without sufficient information regarding Plaintiff Babbini's device settings and website preferences but ID5 denies that ID5 Ltd. Receives identifiable data. For all these reasons, ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

179. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

180. ID5 is without sufficient information regarding Plaintiff Babbini's device settings and website preferences but ID5 denies that ID5 Ltd. receives identifiable data. For all these reasons, ID5

---

[12] *See* Read First: Privacy Policy Requirements (dated Feb. 1, 2026), *available at* https://wiki.id5.io/docs/privacy-policy-requirements (*accessed* May 17, 2026) ("ID5 requires all partners and their downstream parties (collectively, 'Platforms') maintain privacy notices that accurately describe the scope and technical reality of the data flows").



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

181. Denied. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

182. ID5 is without sufficient information regarding Plaintiff Babbini's device settings and website preferences but ID5 denies that ID5 Ltd. receives identifiable data. For all these reasons, ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations in this paragraph including all subparts.

183. Denied.

*1. Plaintiff Babbini's Data Access Request*

184. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

185. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations. ID5 responds that the sources contained in footnotes 105-109 speak for themselves, and on that basis ID5 denies the allegations.

186. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

187. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations. ID5's Publishers are and have always been entitled to determine and apply the legally appropriate consent mechanisms for the collection of any such information. Further, the existence of tags on any particular webpage is readily accessible to all Internet users. ID5 further denies that a court order was required for the operation of its technology.

188. ID5 responds that this paragraph contains legal conclusions to which no response is required, and on that basis ID5 denies the allegations.

**B. Plaintiff Monica Rodriguez**

189. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

190. ID5 denies the allegations in this Paragraph. ID5 is without sufficient knowledge or information to admit or deny what was or was not known to Plaintiff Rodriguez, and on that basis ID5 denies the allegations.

191. ID5 denies the allegations in this paragraph. ID5 does not "track" users' article selections, nor are its mechanisms for operation properly characterized as "tracking cookies". ID5 Ltd. receives only limited signal-level data from its Publishers to create pseudonymized ID5 IDs and neither receives nor processes page content data with the exception of URLs which are processed exclusively for the purposes of fraud detection and security. ID5 is without sufficient knowledge or information to admit or deny what testing Plaintiff Rodriguez conducted on her own browser, and on that basis ID5 denies the remaining allegations. ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors; it is not tracking software. ID5 Entities do not maintain browsing histories or behavioral records.

192. Denied.

193. ID5 is without sufficient information regarding Plaintiff Babbini's device settings and website preferences but ID5 denies that ID5 Ltd. receives identifiable data. For all these reasons, ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations in this paragraph including all subparts.

194. Denied.

195. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations. Further, ID5 denies the characterization of its technology as a tracker or tracking technology. ID5 Ltd. provides ID5 OSS licensed to publishers and actively deployed by Publishers or their vendors; it is not tracking software.

196. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations. ID5 Ltd.'s Publishers are and have always been entitled to determine and apply the legally appropriate consent mechanisms for the collection of any such information. ID5 Ltd. can only deploy its technology on a Publisher webpage with consent from the Publisher to do so. Thus, ID5 does not "wiretap" communications, "deanonymize" personal data, or

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

"sell and disclose" personal data to advertising technology companies or other data brokers. ID5 further denies that a court order was required for the operation of its technology.

197. ID5 responds that this paragraph contains legal conclusions to which no response is required, and on that basis ID5 denies the allegations.

**CLASS ALLEGATIONS**

198. ID5 admits Plaintiffs filed a putative class action complaint. ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

199. ID5 admits Plaintiffs filed a putative class action complaint. ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

200. ID5 admits Plaintiffs filed a putative class action complaint. ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

201. ID5 admits Plaintiffs filed a putative class action complaint. ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

202. This allegation includes Plaintiffs' description of numerosity to which no response is required. To the extent a response is required, ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

203. This allegation includes Plaintiffs' description of typicality to which no response is required. To the extent a response is required, ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

204. This allegation includes Plaintiffs' description of adequacy to which no response is required. To the extent a response is required, ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph

205. This allegation includes Plaintiffs' description of commonality and predominance to which no response is required. To the extent a response is required, ID5 denies that the action may

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph and subparagraphs.

(a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

206. This allegation includes Plaintiffs' description of superiority to which no response is required. To the extent a response is required, ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

## CAUSES OF ACTION

## COUNT I

### Intrusion Upon Seclusion

207. This paragraph does not raise a factual allegation; thus no response is required. To the extent a response is necessary, ID5 incorporates all answers from paragraphs above as if fully set forth herein.

208. Denied.

209. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

210. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. ID5 responds that the judicial decision cited in this paragraph speak for itself, and on that basis ID5 denies the allegations.

211. Denied.

212. Denied.

213. ID5 is unable to admit or deny what Plaintiffs' and the putative class members' expectations were, and on that basis ID5 denies the allegations.

214. Denied.

215. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

(a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

216. Denied.

217. Denied.

218. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. To the extent a response is required, ID5 denies that Plaintiffs or any putative class member is entitled to any relief.

**COUNT II**

**Violation Of The California Invasion of Privacy Act**

**Cal. Penal Code § 631(a)**

219. This paragraph does not raise a factual allegation; thus no response is required. To the extent a response is necessary, ID5 incorporates all answers from paragraphs above as if fully set forth herein.

220. Denied.

221. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

222. The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations.

223. The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations.

224. The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

225. The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations.

226. Denied.

227. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations. ID5 denies the remaining characterizations in this paragraph.

228. Denied.

229. Denied.

230. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations. ID5 denies the remaining characterizations in this paragraph.

231. Denied.

232. Denied.

233. The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. To the extent a response is required, ID5 denies that Plaintiffs or any putative class member is entitled to any relief.

## <u>COUNT III</u>

## Violation Of The California Invasion of Privacy Act, Cal. Penal Code § 632

234. This paragraph does not raise a factual allegation; thus no response is required. To the extent a response is necessary, ID5 incorporates all answers from paragraphs above as if fully set forth herein.

235. Denied.

236. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

237. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

238. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegation. To the extent a response is required, ID5 denies the allegations in this Paragraph.

239. ID5 denies the allegations in this paragraph, including any characterization that ID5 "secretly eavesdrop[s] upon or record[s]" communications. ID5 further responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegation.

240. ID5 denies the allegations in this paragraph, including any characterization that ID5's technology are all "electronic amplifying or recording devices…" The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 further responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegation.

241. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegation. To the extent a response is required, ID5 denies the allegations in this Paragraph.

242. ID5 is unable to admit or deny what Plaintiffs' and the putative class members' expectations were, and on that basis ID5 denies the allegations. ID5 otherwise denies the remaining allegations in this paragraph.

243. Denied.

244. The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. To the extent a response is required, ID5 denies that Plaintiffs or any putative class member is entitled to any relief.

245. Denied.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**COUNT IV**

**Violation Of The California Invasion of Privacy Act,**

**Cal. Penal Code § 638.51(a)**

246. This paragraph does not raise a factual allegation; thus no response is required. To the extent a response is necessary, ID5 incorporates all answers from paragraphs above as if fully set forth herein.

247. ID5 admits Plaintiffs filed a putative class action complaint. ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

248. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

249. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

250. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

251. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

252. The CIPA speaks for itself, and on that basis ID5 denies the allegations.

253. The CIPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that the judicial decision cited in this paragraph speaks for itself, and on that basis ID5 denies the allegations. All remaining allegations are denied.

254. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations.

255. ID5 responds that this paragraph otherwise contains legal conclusions to which no response is required, and on that basis ID5 denies the allegations. All remaining allegations are denied.

256. ID5 responds that this paragraph otherwise contains legal conclusions to which no response is required, and on that basis ID5 denies the allegations. All remaining allegations are denied.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

257. ID5 denies the allegations in this Paragraph. ID5 Ltd.'s Publishers are contractually required to determine and apply any legally appropriate consent mechanisms for the collection of any such information. ID5 does not deploy the ID5 technology on Publishers' webpages, that action is taken by Publishers directly or their vendors. ID5 is without sufficient knowledge or information to admit or deny what consent, if any, Plaintiffs or California Subclass Members provided to the Publishers, and on that basis ID5 denies the allegations.

258. ID5 denies the allegations in this paragraph. This paragraph contains an embedded legal conclusion—namely, that ID5's technology constitutes a "pen register" or "trap and trace device" requiring a court order—to which no response is required, and on that basis ID5 denies the allegations. ID5's technology does not constitute a pen register or trap and trace device, and accordingly no court order was required.

259. Denied.

## COUNT V
## Violation of California's Unfair Competition Law
## Cal. Bus. & Prof. Code § 17200, *et seq.*

260. This paragraph does not raise a factual allegation; thus no response is required. To the extent a response is necessary, ID5 incorporates all answers from paragraphs above as if fully set forth herein.

261. ID5 admits Plaintiffs filed a putative class action complaint. ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

262. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegation.

263. Denied. The UCL speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

264. ID5 denies the allegations in this Paragraph. ID5 has not violated the Electronic Communications Privacy Act, the California Invasion of Privacy Act, the California Constitution, or common law, and accordingly has not engaged in any "unlawful" business practice under the UCL. ID5 responds that this paragraph contains legal conclusions to which no response is required, and on that basis ID5 denies the allegations. The UCL, the ECPA, the CIPA and the California Constitution, or common law speak for themselves, and on that basis ID5 further denies the allegations.

265. ID5 responds that this paragraph otherwise contains legal conclusions to which no response is required, and on that basis ID5 denies the allegations. All remaining allegations are denied.

266. ID5 responds that this Paragraph contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, ID5 denies that Plaintiffs or any putative class member is entitled to restitution, disgorgement, attorneys' fees and costs, or any other relief, whether at law or equity. ID5 denies that it has violated the UCL or that Plaintiffs have stated a claim upon which relief may be granted. Cal. Bus. & Prof. Code § 17203 speaks for itself, and on that basis ID5 denies the allegations.

267. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

## COUNT VI
## Violation of the Electronic Communication Privacy Act
## 18 U.S.C. §§ 2511(1) *et seq.*

268. This paragraph does not raise a factual allegation; thus no response is required. To the extent a response is necessary, ID5 incorporates all answers from paragraphs above as if fully set forth herein

269. ID5 admits Plaintiffs filed a putative class action complaint. ID5 denies that the action may be brought by Plaintiffs individually or maintained as a class action, as well as any other allegations in this paragraph.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

270. The ECPA speaks for itself, and on that basis ID5 denies the allegations.

271. The ECPA speaks for itself, and on that basis ID5 denies the allegations.

272. The ECPA speaks for itself, and on that basis ID5 denies the allegations.

273. The ECPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

274. The ECPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

275. The ECPA speaks for itself, and on that basis ID5 denies the allegations.

276. The ECPA speaks for itself, and on that basis ID5 denies the allegations.

277. The ECPA speaks for itself, and on that basis ID5 denies the allegations.

278. The ECPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. All remaining allegations are denied.

279. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. The ECPA speaks for itself, and on that basis ID5 denies the allegations. All remaining allegations are denied.

280. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. The ECPA speaks for itself, and on that basis ID5 denies the allegations. All remaining allegations are denied.

281. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations.

282. ID5 is without sufficient information to admit or deny the allegations in this paragraph, and on that basis ID5 denies the allegations. The ECPA speaks for itself, and on that basis ID5 denies

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

the allegations. ID5 further responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

283. Denied. ID5 further responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

284. ID5 responds that the judicial decisions cited in this paragraph speak for themselves, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

285. Denied.

286. Denied. ID5 is unable to admit or deny what Plaintiffs' and the putative class members' expectations were, and on that basis ID5 denies the allegations. ID5 further responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

287. The ECPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations.

288. The ECPA speaks for itself, and on that basis ID5 denies the allegations. ID5 responds that this paragraph contains a legal conclusion to which no response is required, and on that basis ID5 denies the allegations. To the extent a response is required, ID5 denies that Plaintiffs or any putative class member is entitled to any relief.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

PRAYER FOR RELIEF Defendant ID5 denies any allegations directed against it in the Prayer for Relief following paragraph 288 and denies that Plaintiffs are entitled to any relief whatsoever from Defendant.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED)**

Plaintiffs and/or the putative class members fail to state any claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

Plaintiffs and/or the putative class members' claims are barred in whole or in part because Plaintiffs and the putative class members lack standing to assert the alleged claims. Plaintiffs and the putative class members have not suffered any injury-in-fact, because, consistent with Plaintiffs' device settings and website-specific preferences, only limited signal-level information from Plaintiffs' interactions with Publishers' websites was ever received by ID5 Technology Ltd. ("ID5 Ltd."), and any purported injury is not fairly traceable to Defendant ID5 Technology, Inc. ("ID5") specifically, because thousands of other organizations are collecting, using and sharing precisely the same information (and, often more information) in the ordinary course of every Internet session.

**THIRD AFFIRMATIVE DEFENSE**

**(CONSENT / RATIFICATION)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, because Plaintiffs and/or the putative class members consented to or authorized ID5's alleged conduct. Publishers determine and apply any legally appropriate consent mechanisms for the collection and sharing of information with ID5 Ltd. as required under the ID5 Ltd. standard contract. ID5 Ltd. receives limited information from Publishers' consistent with ID5 Ltd.'s contractual terms and Publishers' corresponding terms of use, privacy policies or other consumer-facing disclosures. By using the websites at issue, Plaintiffs and/or the putative class members were on notice of and expressly or implicitly consented to those practices, including sharing with ID5 Ltd. If a consumer

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

elects to opt-out of data sharing, signals received by ID5 Ltd. from the Publisher reflect the consumer's election. ID5 Ltd. honors the election through ID5 Ltd's technical design and does not collect consumer data. Plaintiffs and/or the putative class members CIPA claims, in particular, are expressly barred to the extent Plaintiffs and/or the putative class members did not revoke "consent" and optout of ID5's alleged conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(ACTS OF THIRD PARTIES)**

The damages or injuries allegedly suffered by Plaintiffs and/or the putative class members, if any, are attributable in full or in part to the conduct, deeds, words, acts, and/or omissions of third parties (many of whom Plaintiffs have already sued), and not ID5. Such conduct may include, but is not limited to, (1) the independent actions of third-party website operators / Publishers who determine and applie any appropriate consent mechanisms for data collection, (2) other entities that participate in real-time bidding advertising processes, or (3) Plaintiffs' and/or the putative class members' own actions in configuring their web browsers, installing browser extensions, managing their device settings, or website preferences, any of which break any chain of causation between ID5's alleged conduct and any purported harm.

**FIFTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, by applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

Plaintiffs and/or the putative class members failed to mitigate damages, if any damages exist, which results in a reduction of damages by the amounts by which Plaintiffs and/or the putative class members could have mitigated damages but did not do so. Specifically, Plaintiffs and/or the putative class members failed to adjust their device settings, browser settings, and/or permissions on individual websites to prevent the activity complained of in the Complaint.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**SEVENTH AFFIRMATIVE DEFENSE**

**(ASSUMPTION OF THE RISK)**

Plaintiffs and/or the putative class members assumed the risk that certain browsing activity on the websites at issue could be shared with third parties, including but not limited to by not utilizing their own device and/or browser privacy settings, and/or by not opting out of data collection through available mechanisms on the websites at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(WAIVER / ESTOPPEL)**

Plaintiffs and/or the putative class members' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel. By continuing to access and use the websites at issue while on notice of the Publishers' data collection and privacy practices via the applicable terms of use, privacy policies, and/or other consumer-facing disclosures, Plaintiffs and/or putative class members manifested an intent to relinquish any known rights related to such practices, waived any claim arising therefrom, and acquiesced in the conduct they now challenge. Accordingly, Plaintiffs and/or the putative class members are estopped from pursuing claims based on conduct they implicitly or expressly accepted through their continued use of the websites at issue.

**NINTH AFFIRMATIVE DEFENSE**

**(NO REASONABLE EXPECTATION OF PRIVACY)**

Plaintiffs and/or the putative class members' claims are barred in whole or in part because Plaintiffs and/or the putative class members did not have a reasonable expectation of privacy when using the websites at issue because thousands of organizations are collecting, using and sharing precisely the same information (and, often more information) in the ordinary course of every Internet session.

**TENTH AFFIRMATIVE DEFENSE**

**(EXCESSIVE FINES)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, to the extent they seek excessive damages in violation of the Eighth Amendment to the United States

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Constitution and/or Article I, Section 17 of the California Constitution, which both prohibit excessive fines.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(DUE PROCESS)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, to the extent they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and/or Article I, Section 7 of the California Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

**(LACK OF SCIENTER)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, to the extent ID5 lacked the requisite willfulness, specific or general intent, knowledge, and/or other form of scienter.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(DORMANT COMMERCE CLAUSE)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, because they seek to impose an excessive burden on interstate commerce in violation of the Dormant Commerce Clause of the United States Constitution. *See* U.S. Const. art. I, § 8, cl. 3. The Internet is a channel and instrumentality of interstate commerce, and Plaintiffs and/or the putative class members' causes of action, as applied to ID5's alleged conduct, would excessively burden the general public's use of the Internet by putting the Publishers, website operators, and data brokers at risk of liability for potentially billions of dollars in statutory or other damages merely for engaging in necessary and routine online data collection.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(PREEMPTION)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, to the extent the relevant constitutional, statutory, and/or common law provisions under which they sue are preempted or otherwise invalid, void, unenforceable, and/or inapplicable with respect to ID5's alleged conduct.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(DOUBLE RECOVERY)**

Plaintiffs and/or the putative class members' causes of action are barred, in whole or in part, to the extent Plaintiffs and/or the putative class members seek to recover, and have already recovered, damages or other compensation for the alleged injuries they claim to have suffered in connection with ID5's alleged conduct. Plaintiffs and/or the putative class members' pursuit of parallel litigation, directly or as members of a punitive class, against other participants in the adtech ecosystem concerning the same or substantially related conduct further precludes duplicative recoveries in this case and requires any award to be reduced by setoff/offset and satisfaction. Plaintiffs and/or the putative class members may not recover duplicative damages under multiple causes of action for the same alleged conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(ORDINARY COURSE OF BUSINESS / SERVICE PROVIDER EXCEPTION)**

Plaintiffs and/or the putative class members' ECPA claims are barred in whole or in part because ID5's alleged conduct falls within the "ordinary course of business" or "service provider" exception recognized under the ECPA, 18 U.S.C. § 2511(2)(a)(i). ID5's technology provides identity resolution and related services to Publishers and other entities in the digital advertising ecosystem for legitimate and lawful business purposes, and any data collection was undertaken in the ordinary course of ID5's business.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(ADEQUATE REMEDY AT LAW)**

Plaintiffs and/or the putative class members' claims for injunctive and/or other forms of equitable relief, including their UCL claim, are barred, in whole or in part, because Plaintiffs and/or the putative class members have an adequate remedy at law, including without limitation through their causes of action for statutory or other monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that:

1. Plaintiffs take nothing by way of their Complaint;
2. The Complaint be dismissed with prejudice;
3. Judgment be entered in favor of Defendant;
4. Defendant be awarded costs, fees, and such other relief as the Court deems proper.

Dated: May 22, 2026

*/s/ Wendy Qiu*
HOLLAND & KNIGHT LLP
Ashley L. Shively
Caitlin F. Saladrigas
Wendy Qiu

Attorneys for Defendant

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910